**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1835**

---

HOMI N. AMIRMOKRI,

                                        Plaintiff - Appellant,

        versus

SPENCER ABRAHAM, Secretary, U.S. Department of
Energy,

                                        Defendant - Appellee.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CA-02-3446-8-AW)

---

Submitted:  December 23, 2004        Decided:  January 14, 2005

---

Before LUTTIG and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Homi N. Amirmokri, Appellant Pro Se. Tarra R. DeShields-Minnis,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Homi N. Amirmokri appeals from the final judgment entered in favor of the defendant following a jury trial on his Title VII[*] claims of national origin discrimination and retaliation. Finding no error, we affirm.

On appeal, Amirmokri first argues that the district court issued an erroneous jury instruction at the close of trial. This court reviews a district court's decision of whether to give a jury instruction and the content of an instruction for abuse of discretion. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). When jury instructions are challenged on appeal, the issue is whether, taken as a whole, the instructions fairly stated the controlling law. United States v. Cobb, 905 F.2d 784, 788-89 (4th Cir. 1990). "Even if instructions are flawed, there can be no reversal unless the error seriously prejudiced the challenging party's case." S. Atl. Ltd. P'ship of Tenn. v. Riese, 284 F.3d 518, 530 (4th Cir. 2002). Guided by these principles, we have reviewed the jury instruction in its entirety and find no reversible error. See Mullen v. Princess Anne Volunteer Fire Co., Inc., 853 F.2d 1130, 1137 (4th Cir. 1988).

Amirmokri next argues that the district court erred by allowing into evidence documents that were produced by the

---

[*]Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17 (2000).

defendant after the close of discovery and by refusing to admit expert testimony from his treating physician. This court affords substantial discretion to a district court in managing discovery and reviews discovery rulings only for abuse of that discretion. <u>U.S. ex rel. Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 290 (4th Cir. 2002), <u>cert. denied</u>, 538 U.S. 1012 (2003). Decisions regarding the admission of evidence are also reviewed for abuse of discretion. <u>See</u> <u>United States v. Stitt</u>, 250 F.3d 878, 888 (4th Cir. 2001). Moreover, only if the district court's exclusion affected the substantial rights of the complaining party should its evidentiary ruling be overturned. <u>See</u> <u>Mullen</u>, 853 F.2d at 1135. We have reviewed Amirmokri's submission on these issues and find no abuse of discretion.

Finally, Amirmokri argues that the district court erred by impaneling a particular juror without sufficient questioning. District courts have "wide discretion" in conducting the jury selection process. <u>See</u> <u>Person v. Miller</u>, 854 F.2d 656, 665 (4th Cir. 1988). Having reviewed the transcript of voir dire in the instant case, we find no abuse of that discretion.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>